ERIC GRANT
United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00272 TLN |
| Plaintiff, | USA SENTENCING MEMORANDUM |
| v. | DATE: March 26, 2026 |
| KEVIN LESLIE GIPSON, | TIME: 9:30 a.m. |
| Defendant. | COURT: Hon. Troy L. Nunley |

The United States respectfully submits the following memorandum in support of its sentencing recommendation for defendant Kevin Leslie Gipson. For the reasons stated below, and in accordance with the plea agreement, the United States recommends the Court sentence Mr. Gipson to a term of imprisonment of 262 months, to be followed by 120 months of supervised release and a $100 special assessment.

## I.      FACTUAL BACKGROUND

On July 11, 2024, Mr. Gipson contacted an undercover officer who was posing as "Steve," the father of a 10-year old girl. PSR ¶ 7. Initially, the undercover officer said that his daughter was "petite and all mine" but after communicating directly with Mr. Gipson, stated that he wanted to "share" his daughter with another man. *Id*. Over the course of several days, Mr. Gipson communicated with the undercover officer and made plans to meet, with the eventual goal of Mr. Gipson having sex with the 10-year-old. *Id*. On July 14, 2024, Mr. Gipson asked the undercover officer if he could bring a third

USA MEMORANDUM IN SUPPORT OF
SENTENCING

1

Case 2:24-cr-00272-TLN   Document 27   Filed 03/19/26   Page 2 of 5

adult male to meet up with the undercover and his daughter. *Id.*

On July 15, 2024, Mr. Gipson met with the undercover officer in person. PSR ¶ 8. They set a date for Mr. Gipson to meet and have sex with the 10-year-old.

On July 26, 2024, the undercover officer, along with an arrest team of law enforcement officers, drove to Mr. Gipson's place of employment. PSR ¶ 10. Mr. Gipson exited his workplace and went to the undercover officer's car, carrying a stuffed animal. Id. In previous conversations with the undercover officer, Mr. Gipson had stated that he would bring a stuffed Snoopy for the daughter, so she could feel more comfortable.

As Mr. Gipson approached the undercover officer's vehicle, he was arrested by law enforcement officers. Mr. Gipson admitted shortly thereafter to having communicated with a father and admitted that he had asked the father for photos of the daughter and stated that he had planned to join the father to have sex with the child. PSR ¶ 12. Mr. Gipson also agreed to take a polygraph examination, during which he confessed to buying a vibrator and bondage straps to use during sexual activity with the 10-year-old. PSR ¶ 13. During the polygraph examination, without revealing that "Steve" had been an undercover officer, Mr. Gipson was asked whether he would apologize to the 10-year-old girl. Below was Mr. Gipson's response:

> GIPSON also electronically signed an apology letter for the 10 year old girl he had planned to meet with, which he dictated to the examiner:
>
> Sorry Miss. I am so sorry that all of this happened. I am so sorry I wanted to meet you and do these bad things to you. I realize I was wrong. I take full responsibility. I realize that this will affect your life, but I know you are strong and I know you will get through it. As I have issues that I have to work on to make sure this never happens again. I hope you will forgive me and not let this ruin your life. You are so young that you have so many opportunities ahead of you for a much better life. I promise you that I will not do anything like this ever again to anyone. I will not even think about anything like this again. That is why I want to seek counseling to face my issues in front of me. I hope your mother will stand by you through this whole thing as I hope my wife will stand by me during this whole thing as everyone works there issues out and has a positive life in the future.

GIPSON_00000590.

//

//

USA MEMORANDUM IN SUPPORT OF
SENTENCING

2

## II.    THE PLEA AGREEMENT AND U.S.S.G. CALCULATIONS

Mr. Gipson pleaded guilty on April 24, 2025, pursuant to a plea agreement.  ECF 14.  As part of the plea agreement, Mr. Gipson agreed to plead guilty to the single count of the indictment.  He also waived his trial rights, his right to appeal, and his right to collaterally attack his conviction, sentence, restitution, and forfeiture order, with the exclusion of non-waivable claims.[1]

For its part, the government agreed to recommend a three-level reduction for acceptance of responsibility and to recommend a sentence at the low end of the Sentencing Guidelines, as calculated by this Court.  The parties estimated Guidelines differ from those assessed by the probation officer.  Neither party entered any factual or legal objection to the Guidelines as calculated by the probation officer.  Defendant filed an objection to the two-level increase pursuant to USSG §2G1.3(b)(3)(B) based upon a policy disagreement but did not raise a legal or factual objection.  The Ninth Circuit has repeatedly upheld the legality of the two-level enhancement under §2G1.3(b)(3)(B).  *See United States v. Sharma*, 119 F.4th 1141, 1146 (2024) (addressing the enhancement for both child pornography offenses and enticement offenses).  The two-level enhancement for the use of a computer recognizes the increased harm caused by digital file-sharing.

The United States recommends that this Court adopt the Sentencing Guidelines as laid out by the probation officer.

## III.    THE SENTENCING FACTORS

The United States recommends this Court sentence Mr. Gipson to a term of imprisonment of 262 months, to be followed by 120 months of supervised release. Such a sentence would satisfy each of the factors set forth in 18 U.S.C. § 3553(a) and would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).  These factors instruct the Court to consider, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter future crimes, and promote respect for the law.

---

[1] Sentencing was set out to allow for continuity of counsel.  The extended timeframe between Mr. Gipson's guilty plea and his judgement and sentencing is not due to any attempts to delay or obstruct, and the United States joined defense counsel in moving for delayed sentencing.

USA MEMORANDUM IN SUPPORT OF SENTENCING

3

Mr. Gipson's Sentencing Guidelines are substantial. The conduct in which he engaged was egregious, and extremely dangerous. While Mr. Gipson interacted only with an undercover officer, and no minor victim was in actual danger, his conduct is no less for that. Indeed, Mr. Gipson not only tried to meet up to have sex with a minor but also purchased sex toys that he intended to use with her. He also admitted to viewing child pornography with a friend.

In addition, Mr. Gipson has a prior conviction for sexually abusing a 7-year-old and a 9-year-old.

At the same time, despite these aggravating facts, a sentence at the low-end of the Sentencing Guidelines is appropriate, as Mr. Gipson immediately accepted responsibility for his actions and, perhaps most importantly, immediately expressed remorse. When questioned by law enforcement officers immediately after his arrest, he readily admitted to his guilt. While Mr. Gipson initially tried to mitigate his conduct, he acknowledged at all times that he was responsible for putting a minor in harm's way and that he knew that that minor's father was putting her in dangerous situations. When confronted with the results of his polygraph examination, Mr. Gipson not only accepted responsibility, but also issued an apology to the minor victim he attempted to abuse. He has thus also demonstrated a level of remorse and a recognition of his wrongful conduct that justifies a low-end Guidelines sentence.

Also importantly, Mr. Gipson immediately recognized his own need for counseling and other help. He pleaded guilty promptly to the charge upon appearing in federal court. When interviewed by the probation officer, he again accepted responsibility, saying "I feel absolutely ashamed." He also told the probation officer that he was interested in sex offender and mental health treatment, again demonstrating a desire to better himself and ensure he does not reoffend. PSR ¶ 56.

In addition, Defendant is not a young man. While age cuts both ways, here Defendant's age justifies a sentence at the low end of the Guidelines. Finally, while Defendant has been continuously detained, he has received no disciplinary write-ups of which the government is aware, further supporting a sentence at the low end of the Sentencing Guidelines.

//

//

//

//

## IV.    CONCLUSION

For the foregoing reasons, and in accordance with the plea agreement, the United States recommends the Court sentence Mr. Gipson to a term of imprisonment of 262 months, a term of supervised release of 120 months, and a $100 special assessment.

Dated:  March 19, 2026

ERIC GRANT
United States Attorney

By:  /s/ JESSICA DELANEY
JESSICA DELANEY
Assistant United States Attorney